**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

June 22, 2020

Richard E. Berl, Jr.
HUDSON, JONES, JAYWORK &
FISHER, LLP
34382 Carpenter's Way, Suite 3
Lewes, DE 19958

Stephen A. Spence
BAIRD MANADLAS BROCKSTEDT,
LLC
1413 Savannah Rd., Suite 1
Lewes, DE 19958

RE: *Wright v. Phillips, C.A. No. 11536-VCG; Final Order*

Dear Counsel:

I have your letters on the parties' remaining disagreements regarding a final order. First, the Petitioner, Kristen Wright, was a one-half owner in the businesses at issue (the "Business") until December 21, 2017 (the "Transfer Date"). Since that time, she has enjoyed neither her share of the Business, nor the cash value of that interest (the "Purchase Price"). Conversely, the Respondent, Clinton Phillips, has had the entirety of the Business, as well as the use of the cash value of the purchase price. Accordingly, interest from the time of the Transfer Date is required in equity. Contrary to the Respondent's position, this is not a penalty; it is an adjustment necessary to make the Petitioner whole. The Respondent points to the fact that he made some monthly payments against the Purchase Price. He argues this should

relieve him of any obligation to pay pre-judgement interest. I find to the contrary; because the total of those payments has been deducted from the purchase price as though made on the Transfer Date, he is avoiding an amount of interest, not over-incurring it. Pre-judgement interest must run from December 21, 2017.

I turn to the applicable rate. The legal rate for prejudgment interest is 5% over the discount rate;[1] however, this may be adjusted, as equity requires, in this Court's discretion.[2] I note the Business at issue is a modest recycling concern previously operated by the litigants as husband and wife. It was not entered as an arms-length investment or commercial venture. Presumably, the Business does not have access to commercial loans at the rates that larger entities would enjoy, nor does the record suggest it is in possession of amounts of cash that would provide lucrative investment opportunities. The Petitioner, as an individual, would not have been able to invest the proceeds, had they been paid on the Transfer Date, at anything like the legal rate. In other words, the legal rate of interest appears excessive. I also note that this action has proceeded slowly for reasons not solely attributable to the

---

[1] *See* 6 *Del. C.* § 2301(a) ("Where there is no expressed contract rate, the legal rate of interest shall be 5% over the Federal Reserve discount rate. . .").

[2] *E.g.*, *Glidepath Ltd. v. Beumer Corp.* 2019 WL 855660, at *25 (Del. Ch. Feb. 21, 2019) (*citing Summa Corp. v. Trans World Airlines, Inc.,* 540 A.2d 403, 409 (Del. 1988)) (noting Chancery's "broad discretion" to fix a pre-judgement interest rate); *Seibold v. Camulos Partners LP*, 2012 WL 4076182, at *24 (Del. Ch. Sept. 17, 2012) ("[A] court of equity has broad discretion, subject to principles of fairness, in fixing the prejudgment interest rate to be applied." (quoting *Summa Corp.*, 540 A.2d at 409)).

Respondent, as the parties indulged in extensive litigation over adjustments to the purchase price. For all these reasons, I find that the legal interest rate—which the Petitioner calculates at 7%—is therefore likely to create a windfall to the Petitioner.

I take judicial notice that the annual inflation rate over the period in question has fluctuated, but has averaged around 2% and never exceeded 2.44%.[3] Given that fact, as well as the nature of the Business, the relationship of the parties and the course of the litigation, I find this is the rare case where imposition of interest at the legal rate would offend equity. I find a rate of interest of 3% to be appropriate.

Finally, the Petitioner seeks an additional $26,594.50 adjustment to the purchase price. After a long process involving litigation of adjustments to the purchase price, I found, by Memorandum Opinion of May 28, 2020, that the final amount owed for the Petitioner's share was $859,297. That is the amount to which interest must be applied. The Petitioner, however, points out that the Receiver here proposed, and I adopted, the payment of both parties' legal fees from the Business. The Petitioner now seeks the further adjustment to purchase price, to compensate her for legal fees that she asserts that she paid out of pocket, beyond her fees paid

---

[3] *See* Federal Reserve Bank of Minneapolis, Consumer Price Index, 1913-, https://www.minneapolisfed.org/about-us/monetary-policy/inflation-calculator/consumer-price-index-1913- (summarizing data provided by the United States Department of Labor, Bureau of Labor Statistics, available at https://www.bls.gov/cpi/home.htm regarding the historical Consumer Price Index).

for from the Business.  This request, I find, comes too late.  The time for adjustments has passed, and any further rights to adjustment have been waived by both parties.

The parties should provide me with a form of final order consistent with this Letter Opinion as well as my Memorandum Opinion of May 28, 2020.

To the extent the foregoing requires an order to take effect, it is SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III